**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA FRIDA TIRADO AND** | § | |
| **GONZALO P. TIRADO,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:19-cv-664** |
| | § | |
| | § | |
| **CARISBROOK ASSET HOLDING** | § | |
| **TRUST AND ROUNDPOINT** | § | |
| **MORTGAGE SERVICING** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Carisbrook Asset Holding Trust (*"Carisbrook"*) and RoundPoint Mortgage Servicing Corporation ("*RoundPoint*") (collectively, "*Defendants*"), file this Notice of Removal premised upon diversity jurisdiction.

## I.     INTRODUCTION

1.     On May 13, 2019, Plaintiffs Maria Frida Tirado and Gonzalo P. Tirado (*"Plaintiffs"*) filed their *Original Petition to Set Aside Foreclosure Sale, Cancel and Rescind the Substitute Trustee's Deed and Recovey the Property to Petitioners via Special Warranty Deed and for Damages and Plaintiffs' Application for Temporary Restraining Order and Application for Injunction* (the *"Complaint"*) in the 37th Judicial District Court for Bexar County, Texas under Cause No. 2019-CI-09635.

2.     In the Complaint, Plaintiffs assert claims against Carisbrook and RoundPoint for wrongful foreclosure and misrepresentation in an attempt to rescind foreclosure and stop eviction pertaining to the subject real property located 6331 Scrub Jay, San Antonio, Texas 78240 (the

"***Property***"). Plaintiffs seek temporary and permanent injunctive relief, a judgment voiding the foreclosure sale, damages equal to the replacement cost of the real property, and attorney's fees.

3.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto, marked as composite **Exhibit "A,"** and incorporated herein by reference.

## II.      TIMELINESS OF REMOVAL

4.      Plaintiffs filed their Complaint on May 13, 2019. Plaintiffs have not requested a citation be issued as to either Defendant and, to date, no citations have been issued by the state court and neither Defendant has been served. As such, this removal is timely filed.[1]

## III.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## A.      *Complete Diversity Exists.*

6.      Complete diversity exists because Plaintiffs and Defendants are citizens of different states.

7.      Plaintiffs are citizens of Texas who reside in Bexar County, Texas.[2]

8.      Carisbrook Asset Holding Trust is a domestic statutory trust incorporated in and under the laws of the state of Delaware. The citizenship of a trust for purposes of diversity jurisdiction is the citizenship of the trustees of the trust.   The trustee for Carisbrook Asset Holding Trust is U.S. Bank Trust National Association ("U.S. Bank"). U.S. Bank is a national banking

---

[1] *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] Complaint, Page 1.

association chartered under the laws of the United States, with its main office located in the State of Minnesota. A national banking association is a "citizen of the State in which its main office, as set forth in its articles of association, is located," making U.S. Bank a citizen of Minnesota for diversity purposes. Therefore, for diversity purposes, Carisbrook Asset Holding Trust is a citizen of Minnesota.

9.      RoundPoint is a corporation incorporated in Delaware with its principal place of business in Charlotte, North Carolina. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[3] Therefore, for diversity purposes, RoundPoint is a citizen of Delaware and North Carolina.

10.     Because Plaintiffs are citizens of Texas, Carisbrook is a citizen of Minnesota, and RoundPoint is a citizen of Delaware and North Carolina, complete diversity of citizenship exists between the parties and removal is proper.

**B.      *The Amount in Controversy Exceeds $75,000.00.***

11.     Plaintiffs seek injunctive relief to prevent eviction from the Property and an order voiding foreclosure of the Property. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[4]

12.     When the object of a mortgagor's litigation is the protection of his entire property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[5] Here, the Property is valued at $180,730.00.[6] Plaintiffs also seek damages equal to

---

[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[4] *See* *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[5] *See id.*
[6] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Appraisal because it is of public record, the information it provides is readily ascertainable, and the source — the Bexar County Appraisal District— cannot be reasonably questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

the replacement cost of the Property.[7]  Because Plaintiffs seek injunctive relief and their property

is valued well in excess of $75,000.00, the amount in controversy requirement for removal based

on diversity jurisdiction is met.

### IV.   VENUE

13.     Venue for this removal is proper in the U.S. District Court for the Western District

of Texas, San Antonio Division, because this district and division include Bexar County, Texas,

the location of the pending state court action.

### V.   ADDITIONAL REQUIREMENTS

14.     Plaintiffs have not made a jury demand.

15.     Written notice of removal will be provided to Plaintiffs and filed with the District

Clerk of Bexar County, Texas contemporaneously with this pleading.

16.     In the event that Plaintiffs attempt to seek remand of this case, or the Court

considers remand *sua sponte*, Carisbrook and RoundPoint respectfully request the opportunity to

submit such additional argument or evidence in support of removal as may be necessary.

17.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

18.     Carisbrook and RoundPoint reserve the right to amend or supplement this Notice

of Removal.

WHEREFORE, having satisfied the requirements for removal, Carisbrook and RoundPoint

give notice that Cause No. 2019-CI-09635, originally filed in the 37th District Court of Bexar

County, Texas, has been removed to this Court.

---

[7] Complaint, ¶ 14.

720307.1

Respectfully submitted,

**By:** /s/ Emily G. Stroope

**EMILY G. STROOPE**
State Bar No. 24070692
estroope@mcglinchey.com
**DANIEL P. TROIANO**
State Bar No. 24106520
dtroiano@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
(214) 445-2445 Tel
(214) 445-2450 Fax

*Attorneys for Defendants Carisbrook Asset Holding Trust and RoundPoint Mortgage Servicing Corporation*

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was served on counsel of record and filed with the Clerk of the Court via the CM/ECF filing system on June 12, 2019.

*Via E-Mail and First Class US Mail*
Jose L. Soria
LAW OFFICES OF JOSE SORIA, P.C.
One Park Ten Building
6800 Park Ten Blvd., Suite 222-N
San Antonio, Texas 78213

*Attorney for Plaintiffs*

/s/ Emily G. Stroope
Emily G. Stroope

720307.1

5