UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARIA FRIDA TIRADO, GONZALO P.
TIRADO,
Plaintiffs

v.                                                                  No. SA-19-CV-00664-JKP

CARISBROOK ASSET HOLDING
TRUST,  ROUNDPOINT MORTGAGE
SERVICING CORPORATION,
Defendants

**MEMORANDUM OPINION AND ORDER**

Before the Court is Carisbrook Asset Holding Trust and Roundpoint Mortgage Servicing Corporation's (collectively "Defendants") Motion for Summary Judgment. *ECF NO. 19*. Plaintiffs, Maria Tirado and Gonzalo Tirado (the Tirados), did not respond to the Motion for Summary Judgment, although they participated in other aspects of this litigation. Upon review of Defendants' motion and evidence, applicable law, and the case file, the Court concludes Defendants' Motion for Summary Judgment shall be GRANTED; the Tirados' request for injunctive relief is DISMISSED; the Tirados' request for attorney's fees is DENIED.

**Background Facts**

On May 13, 2019, the Tirados filed an *Original Petition to Set Aside Foreclosure Sale, Cancel and Rescind the Substitute Trustee's Deed and Recover the Property to Petitioners via Special Warranty Deed and for Damages and Plaintiffs' Application for Temporary Restraining Order and Application for Injunction* (the "Complaint"). *ECF No. 1, Attachment #3*. The Tirados

assert a single cause of action for wrongful foreclosure. They also seek equitable and injunctive relief to rescind foreclosure and enjoin their eviction from the subject real property. *Id*. The state court granted the Tirados' *ex parte* request for Temporary Restraining Order in part, enjoining Defendants from conveying or transferring ownership of the property. The trial court did not enjoin Defendants from evicting the Tirados. *ECF No. 1, Attachment #4*. The Application for Injunction was set for a hearing, and Defendants removed this cause to this Court on June 12, 2019. *ECF No. 1*.

The following facts are derived from the Tirados' Complaint. *See ECF No. 1, Attachment #3*. The Tirados purchased their homestead by executing a mortgage and granting a lien to secure repayment. Carisbrook Asset Holding Trust ("Carisbrook") is the current holder of the note, and Roundpoint Mortgage Servicing Corporation ("Roundpoint") is the current loan servicing agent.

The Tirados admit Defendants provided proper Notice of Acceleration of Loan Maturity and a Notice of Posting and Sale. The Tirados subsequently hired Nancy Calderon, who is in the business of assisting borrowers in obtaining modification of loans. Ms. Calderon obtained an assurance from an unnamed Roundpoint employee that foreclosure of the property would be temporarily delayed until the Tirados completed an application for a loan modification; however, Roundpoint foreclosed and sold the property before they could complete the application. Carisbrook bought the property for $173,850.00, with "the valuation of the property being $180,730.00."

In addition to a cause of action for wrongful foreclosure, the Tirados assert "but for the mistake or misrepresentation" by Roundpoint, they suffered damages and seek temporary and permanent injunctive relief, a judgment voiding the foreclosure sale, damages equal to the replacement cost of the real property, and attorney's fees.

## Summary Judgement Burden

Summary judgment should be rendered if there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] In making a summary judgment determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

The moving party bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). To meet its initial burden, the moving party must either: (1) present evidence that negates the existence of some material element of the nonmoving party's claim; or (2) point out the nonmoving party lacks sufficient evidence to prove an essential element of its claim. *Celotex*, 477 U.S. at 331; *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 33326, 335 (5th Cir. 2017); *McKee v. CBF Corp.*, 299 F. App'x 426, 428 (5th Cir. 2008).

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)); *see also* Fed.R.Civ.P. 56(c). A nonmovant must support any assertion of factual dispute by citing particular material in the record or by showing the materials cited by the opposing party

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

do not establish the absence of a genuine dispute. Fed.R.Civ.P. 56(c)(1). If any party fails to support any assertion of factual dispute, as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion and, if appropriate, grant summary judgment. Fed.R.Civ.P. 56(e)(2), (3). When a plaintiff fails to respond to a defendant's motion for summary judgment, the court's inquiry must be whether the facts and evidence presented by the defendant create an appropriate basis to enter summary judgment against the plaintiff. *Adams*, 465 F.3d at 163; *Juarez v. Target Corp.*, SA-18-CV-364-XR, 2018 WL 4856769, at *1 (W.D. Tex. Oct. 5, 2018). In the absence of any proof, the court cannot assume the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Analysis

**Wrongful Foreclosure**

In their Complaint, the Tirados assert a single cause of action for wrongful foreclosure. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App. - Houston [14th Dist.] 1989, writ denied). The Tirados do not plead any of the elements of wrongful foreclosure. At most, the Tirados base the wrongful foreclosure claim on a misrepresentation by a Rockpoint employee. *See ECF No. 1, Attachment #3*.

**(a) Defect**

To establish a defect, a plaintiff must show the mortgagee (1) failed to comply with statutory or contractual terms, or (2) complied with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure process. *Perales v. Wells Fargo Bank, N.A.*,

SA-12-CV-00515-DAE, 2013 WL 3456998, at *3-*4 (W.D. Tex. July 9, 2013)(*citing First State Bank v. Keilman,* 851 S.W.2d 914, 921-922 (Tex. App. – Austin, 1993)). Verbal representations relating to a loan modification request or verbal representations that a lender or servicer would postpone foreclosure do not constitute a "defect" sufficient to support a wrongful foreclosure cause of action. *See e.g., Mandala v. Wells Fargo Bank*, N.A., Civ. A. No. 4:12-2335, 2013 WL 1828022, at *3-*4 (S.D. Tex. Apr. 30, 2013)(wrongful foreclosure cause of action based upon alleged fraud); *Casey v. Fed. Home Loan Mortg. Ass'n,* Civ. A. No. H–11–3830, 2012 WL 1425138, at *4 (S.D. Tex. April 23, 2012)(same).

The Tirados allege no defect in the foreclosure sale proceedings based on any statute or contractual terms. Because the Tirados admit they received proper notice of foreclosure and fail to assert any other statutory or contractual violation or other action that detrimentally affected the fairness of the foreclosure, there is no genuine dispute of material fact as to a defect in the foreclosure proceedings. *See Perales*, 2013 WL 3456998, at *3-*4. The Tirados did not present any evidence or allegation to raise a genuine dispute of material fact as to this element. For this reason, Defendants have shown summary judgment is appropriate.

**(b) Selling Price**

Next, Defendants' undisputed summary judgment evidence shows the appraised fair market value of the property by Bexar County Appraisal District is $180,730.00 for the 2018 tax year. The Tirados admit in the Complaint Carisbrook paid $173,850.00 to purchase the property at the foreclosure sale. Therefore, the sale price was 96.19% of the market value.

Under Texas law, "a grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Fed. Deposit Ins. Corp. v. Blanton,* 918 F.2d 524, 531 (5th Cir.1990) (*quoting Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.-Dallas 1932, no writ)). A selling price

of at least 60% of its fair market value does not "shock the correct mind", and, therefore, is not grossly inadequate. *Fed. Deposit Ins. Corp. v. Blanton,* 918 F.2d at 531–32; *Ayres v. Parker*, SA-12-CV-621-XR, 2013 WL 4048328, at *8 (W.D. Tex. July 29, 2013). Particularly, a foreclosure sale price at 92% of value is not shocking and, therefore, not grossly inadequate. *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013).

Here, the foreclosure selling price of 96% of fair market value is sufficient to negate the second element of the Tirados' wrongful foreclosure claim. The Tirados did not present any evidence or allegation to raise a genuine dispute of material fact. For this reason, Defendants have shown summary judgment is appropriate.

**(c)     Causation**

Finally, to prevail, the Tirados must show a defect in the foreclosure sale caused the alleged grossly inadequate selling price. As discussed, they failed to raise a genuine dispute whether there was a defect in the foreclosure sale and whether the selling price was grossly inadequate. In fact, they cannot establish these elements based upon the facts as alleged as a matter of law. Accordingly, the Tirados cannot establish causation.

Defendants' motion and evidence negate the existence of each element of the Tirados' wrongful foreclosure cause of action and demonstrate the Tirados lack sufficient evidence to prove the essential elements. Therefore, Defendants satisfied their summary-judgment burden. *See Celotex*, 477 U.S. at 331. The Tirados did not timely respond to the motion for summary judgment to present any genuine dispute of material fact. Accordingly, the Court concludes there is no genuine dispute of material fact as to the Tirados wrongful foreclosure claim, and Defendants are entitled to judgment as a matter of law. *See Adams v. Bank of Am., N.A.*, 2013 WL 12094171, at *5.

**Fraudulent Misrepresentaion/Statute of Frauds**

To the extent the Tirados assert a cause of action for fraud based upon a misrepresentation, and even assuming the Tirados could establish a genuine dispute of material fact as to the elements of their wrongful foreclosure claim, the statute of frauds bars both causes of action.

The Tirados base the wrongful foreclosure claim an alleged oral agreement to modify the loan. Here, the Tirados allege an employee of Rockpoint assured Ms. Calderon it would delay foreclosure until they completed an application for loan modification. This alleged oral agreement to postpone foreclosure would have materially altered the original loan agreement by changing the lender's ability to exercise its security rights under the loan. Any loan modification would have involved the delay of repayment of the Loan.

The statute of frauds requires that certain specified classes of contracts be in writing to be enforceable. Tex. Bus. & Com. Code § 26.01, 26.02; *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). As applied, the statute of frauds makes unenforceable any loan agreement in which the amount involved exceeds $50,000 that is not in writing and signed by the parties to be bound. Tex. Bus. & Com. Code § 26.02(b). Significantly, when a modification relates to a matter that must be in writing pursuant to the statute of frauds, the modification also must be in writing. *Shatteen v. JPMorgan Chase Bank, Nat. Ass'n*, 2010 WL 4342073, at *7 (E.D. Tex. Sep. 30, 2010); *Deuley v. Chase Home Fin. LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006)(*citing Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). As such, any agreement to modify any terms of a loan agreement must be made in writing. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984).

Therefore, the statute of frauds makes oral agreements unenforceable if they modify the terms of a loan agreement. *Dagher v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-3575-B, 2016 WL 4138631, at *4 (N.D. Tex. Aug. 4, 2016); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 794 (N.D. Tex. 2013). As a modification to a loan agreement, any agreement to delay repayment of money and "an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." Tex. Bus. & Com. Code § 26.02(a)(2); *Milton v. U.S. Bank, N.A.*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *see also Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-cv-2588-B, 2018 WL 3570097, at *2 (N.D. Tex. July 24, 2018).

Here, to prove the elements of any fraud or wrongful foreclosure cause of action, the Tirados must rely upon an alleged oral agreement to modify an existing loan agreement, or more specifically, to delay foreclosure. Such an agreement would clearly materially alter the Loan Agreement and consequently, must be in writing to be enforceable. Accordingly, Defendants are entitled to summary judgment on the Tirados' wrongful foreclosure cause of action and any implied fraudulent misrepresentation cause of action because each are barred by the statute of frauds. *See, Milton*, 508 F. App'x at 328-29; *Douglas*, 2018 WL 3570097, at *2.

**Request for Injunctive Relief and Attorney's Fees**

As discussed, the Tirados' wrongful foreclosure cause of action fails as a matter of law. For this reason, they are not entitled to any requested injunctive relief, as a request for injunctive relief is not a standalone cause of action, but instead depends on an underlying cause of action. *See Farshchi v. Wells Fargo Bank, N.A.*, CV H-15-1692, 2016 WL 2858903, at *7 (S.D. Tex. May 13, 2016). A claim for injunctive relief "without a cause of action supporting entry of a judgment must be dismissed." *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL

286250, *9 (S.D. Tex. Jan. 24, 2013)(*citing Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10-CV-0592-D, 2010 WL 2772445, *4 (E.D. Tex. Mar. 24, 2011)).

Likewise, the Tirados are not entitled to attorney's fees. To recover attorney's fees, the Tirados must (1) prevail on a cause of action for which such fees are recoverable and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 398 (Tex. 1997). Because the Tirados cannot prevail on the wrongful foreclosure claim, they are not entitled to attorney's fees.

## CONCLUSION

For the reasons cited, after careful review of Defendants' motion, presented evidence and the record, the Court concludes Defendants are entitled to summary judgment. Therefore, Defendants' Motion for Summary Judgment is GRANTED; the Tirados' request for injunctive relief is DISMISSED; the Tirados' request for attorney's fees is DENIED.

This order disposes of all claims and requests for equitable relief against all parties, and therefore, this cause is dismissed with prejudice. The Clerk is hereby ORDERED to enter a final clerk's judgment and close the case.

It is so ORDERED.
SIGNED this 28th day of April, 2020.

*[signature: Jason Pulliam]*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE